IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02546-WJM-BNB

NORTH AMERICAN SPECIALTY INSURANCE COMPANY,

Plaintiff,

v.

CHERYL L. SCHUETTE,

Defendant.
_____

**PROTECTIVE ORDER**
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.      This Protective Order shall apply to all information disclosed pursuant to defendant's Fed.R.Civ.P. 30(b)(6) deposition of plaintiff.

2.      Information designated "CONFIDENTIAL" shall be information that is a trade secret or private, confidential, commercially sensitive, proprietary and/or financial information of Plaintiff, or implicates common law and statutory privacy interests of (a) current or former employees of Plaintiff, and (b) current or former employees of Willis of Colorado, Inc. and any of its predecessors.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

3. CONFIDENTIAL information ("CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) Attorneys actively working on this case;

(b) Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) The parties, including the defendant and designated representatives for the entity plaintiff;

(d) The Court and its employees ("Court Personnel");

(e) Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f) Deponents, witnesses, or potential witnesses, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case; and

(g) Other persons by written agreement of the parties.

4. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

5. When the deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of the deposition as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

6. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

7.      **Motions to file materials under seal must comply with the requirements of D.C.COLO.LCivR 7.2.**  ~~In the event a party seeks to include any Confidential information in any filed document, the parties shall follow the procedures set forth in D.C.COLO.LCivR 7.2.~~

8.      At the conclusion of this case, unless other arrangements are agreed upon, those portions of the deposition transcript and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy the CONFIDENTIAL portions of the deposition transcript. Where the parties agree to destroy the CONFIDENTIAL portions of the deposition transcript, the destroying party shall provide all parties with an affidavit confirming the destruction.

9.      This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated August 26, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

APPROVED AS TO FORM:

Dymond • Reagor • Colville, LLP

 /s Douglas W. Colville
Douglas W. Colville, Esq. (#17761)
8400 E. Prentice Ave., Suite 1040
Greenwood Village, CO 80111
dwcolville@drc-law.com
(303) 793-3400
*Attorneys for Plaintiff*

Heckenbach Thompson Suazo & Dave, LLP

 /s Jennifer D. Duettra
James R. Thompson , Esq. (#16241)
Jennifer D. Duettra, Esq. (#35960)
7400 E. Orchard Road, Suite 3025N
Greenwood Village, CO 80111
jennifer@thompsonlawco.com
(303) 858-8000
*Attorneys for Defendant*